IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00041-MR

| | |
|---|---|
| IN RE: ) ) SMOKY MOUNTAIN COUNTRY ) CLUB PROPERTY OWNERS' ) ASSOCIATION, INC. ) _____ ) ) RONNIE C. HEDGEPETH, JR., and ) SHIRA HEDGEPETH, ) ) Appellants, ) ) vs. ) ) SMCC CLUBHOUSE, LLC, ) ) Appellee. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on (1) the appeal by Ronnie C. Hedgepeth, Jr. and Shira Hedgepeth of the Bankruptcy Court's February 18, 2022 Order, [BK 21-01007, Doc. 31],[1] granting SMCC Clubhouse, LLC's Motion to Dismiss Ronnie and Shira Hedgepeth's Counterclaim and (2)

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either "CV 1:22-cv-00041-MR," denoting that the document is listed on the docket in Civil Case No. 1:22-cv-00041-MR; "CV 1:21-cv-00051-MR," denoting that the document is listed on the docket in Civil Case No. 1:21-cv-00051-MR; "BK 19-10286," denoting that the document is listed on the docket in Lead Bankruptcy Case No. 19-10286; or "BK 21-01007," denoting that the document is listed on the docket in Bankruptcy Adversary Proceeding No. 21-01007.

SMCC Clubhouse LLC's Motion to Dismiss Appeal [CV 1:22-cv-00041-MR, Doc. 4].

I. **BACKGROUND**

Smoky Mountain Country Club (the "Community") is a planned community in Swain County, North Carolina that is governed by the North Carolina Planned Community Act, N.C. Gen. Stat. § 47F-1-101 *et seq.* [BK 19-10286, Doc. 104 at 3]. The Community is also governed by a Declaration (the "Declaration"), which was recorded in 1999 by the developer, Conleys Creek Limited Partnership ("CCLP"), to create covenants, conditions, restrictions, and reservations of easements in the Community. [Id.]. The Declaration requires that property owners in the Community (the "Property Owners") be members of the Smoky Mountain Country Club Property Owners' Association (the "Association").[2] [BK 19-10286, Doc. 304-1 at 25]. The Association is the Debtor in this matter. The Declaration states that CCLP will construct, manage, and operate a clubhouse, swimming pool, and two tennis courts in the Community (the "Clubhouse"). [Id. at 7]. The Declaration grants Property Owners the perpetual nonexclusive right to use the Community's clubhouse and its amenities and requires Property Owners

---

[2] The Association is incorporated as the Smoky Mountain Country Club Property Owners Association, Inc. [BK 19-10286, Doc. 2 at 1].

to pay monthly "Clubhouse Dues" to the Association. [Id. at 16, 23, 30-31]. The Association is charged with the responsibility of assessing, billing, and collecting the Clubhouse Dues from the Property Owners to pay CCLP. [Id. at 23, 30-31]. In January of 2013, CCLP assigned its right to receive the Clubhouse Dues to SMCC Clubhouse, LLC ("SMCC"). [BK 19-10286, Doc. 104 at 4]. SMCC is the Appellee in this matter.

In 2014, the Property Owners gained control of the Association, and the Association sent written notice informing Property Owners that it would no longer bill for Clubhouse Dues. [BK 19-10286, Doc. 235 at 3]. While some of the Property Owners continued to pay Clubhouse Dues directly to SMCC, others did not pay Clubhouse Dues. [Id. at 16; BK 19-10286, Doc. 283 at 28, 30-31].

On October 13, 2014, CCLP, SMCC, and Marshall Cornblum filed an action against the Association in the Superior Court of Swain County, asserting that the Association had breached its contract by failing to collect and pay the Clubhouse Dues. Conleys Creed Ltd. P'Ship v. Cornblum, No. 14CVS238, 2016 WL 4263835, at *1 (N.C. Super. Jan. 26, 2016). On January 26, 2016, the trial court granted the Association's Motion for Summary Judgment on the breach of contract claim. Id.

On September 5, 2017, the North Carolina Court of Appeals reversed the trial court's judgment and remanded the case for further proceedings because the Court of Appeals concluded that there was a genuine dispute of material fact as to whether the Association breached its contract. Conleys Creek Ltd. P'Ship v. Smoky Mountain Country Club Prop. Owners Ass'n, Inc., 255 N.C. App. 236, 805 S.E.2d 147 (2017). The Court of Appeals did not determine whether the Property Owners were obligated to pay Clubhouse Dues. Id. at 248, 805 S.E.2d at 155.

The Court of Appeals also noted that "the Planned Community Act does allow that when homeowners take control of an association board from the developer, the association may relieve itself of obligations made on its behalf by the developer, where it is found that the arrangement was 'not bona fide or was unconscionable[.]'" Id. at 244, 805 S.E.2d at 153 (citing N.C. Gen. Stat. § 47F-3-105). Thus, the Court of Appeals decision left open the question of whether the Association could void the Declaration by bringing "forth evidence tending to show that the provisions in the 1999 Declaration are not 'bona fide' or are 'unconscionable.'" Id. at 250, 805 S.E.2d at 156. On March 26, 2019, the Association adopted a resolution that terminated its obligation to pay Clubhouse Dues on the grounds that the Declaration was

unconscionable and was not bona fide under the Planned Community Act. [BK 19-10286, Doc. 283 at 81].[3]

A jury trial was subsequently conducted on the breach of contract claim. [BK 19-10286, Doc. 104 at 4]. The jury returned a verdict against the Association. [See id.]. Implied in that verdict was that the Declaration was bona fide and not unconscionable. [See id.]. On May 31, 2019, judgment was entered against the Association on the breach of contract claim in the amount of $5,149,921.94, with an additional $1,921,132.52 in prejudgment interest (the "Judgment"). [Id. at 5]. The Association appealed.[4] [BK 19-10286, Doc. 253 at 4].

On July 26, 2019, the Association filed a bankruptcy petition pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina. [BK 19-10286, Doc. 1]. On November 18, 2019, the Association and SMCC jointly filed a proposed Plan of Reorganization (the "Plan") with the Bankruptcy Court, [BK 19-10286, Doc. 96], which was amended on December 17, 2019, [BK 19-10286, Doc. 253].

---

[3] Although the Association voided the Declaration, no Court has concluded that the Declaration was unconscionable or not bona fide under the Planned Community Act.

[4] The Association later agreed to dismiss the Appeal as a condition of the Plan of Reorganization. [BK 19-10286, Doc. 253 at 27].

5

On December 2, 2019, Property Owners Ronnie Hedgepeth, Shira Hedgepeth, Robinson Myers, Elizabeth Myers, and "other members of the Smoky Mountain Country Club community" filed a Motion Requesting Relief from Automatic Stay, [BK 19-10286, Doc. 116], which was amended on December 3, 2019, [BK 19-10286, Doc. 136]. Ronnie and Shira Hedgepeth are the Appellants herein. In their Motion, Ronnie Hedgepeth, Shira Hedgepeth, Robinson Myers, and Elizabeth Myers "request[ed] that the Court modify the automatic stay for the limited purpose of allowing the movants to file an action in state court to enjoin collection of fees against members until the court has determined if the fees are real or personal covenants and whether or not it is discharged by the Bankruptcy action." [BK 19-10286, Doc. 116 at 1; BK 19-10286, Doc. 136 at 1]. On January 21, 2020, the Bankruptcy Court entered an Order denying the Motion Requesting Relief from Automatic Stay. [BK 19-10286, Doc. 300].

The previous month, on December 19, 2019, the Bankruptcy Court entered an Order confirming the Amended Plan, [BK 19-10286, Doc. 260], over objections filed by Property Owners Robert and Mary Young and Ronnie and Shira Hedgepeth, [BK 19-10286, Doc. 167; BK 19-10286, Doc. 207 at 6; BK 19-10286, Doc. 216 at 3-6]. Under the Amended Plan, SMCC agreed to stay the execution of the Judgment, and the Association agreed

6

to: (1) assess, bill, and collect overdue Clubhouse Dues from the Property Owners; (2) assess, bill, and collect future Clubhouse Dues from the Property Owners; (3) pay SMCC $1,500,000 in three annual $500,000 payments to be credited against the principal amount of the Judgment; (4) assess each of the Property Owners for their share of the $1,500,000; (5) dismiss the appeal of the Judgment; and (6) reinstate the Declaration that the Association had terminated on March 26, 2019. [BK 19-10286, Doc. 253 at 18-20, 27]. The Amended Plan specifically provides that, on or about December 1, 2019, SMCC was to bill Property Owners directly for unpaid Clubhouse Dues for the period of October 1, 2014 to December 31, 2019. [Id. at 18-20]. The Amended Plan further provides that, beginning on January 1, 2020, the Association was to collect future Clubhouse Dues for payment to SMCC. [Id.]. The Amended Plan also provides that the Association is to "assess the $1,500,000 to be paid to [SMCC] . . . against each of the [Property Owners] . . . in the pro rata amount of $9,200.00, payable in three annual installments of $3,067.67 . . . ." [Id.].

On December 31, 2019, Property Owners Robert Young, Mary Young, Ronnie Hedgepeth, and Shira Hedgepeth filed a Notice of Appeal of the Bankruptcy Court's December 19, 2019 Order confirming the Plan. [BK 19-10286, Doc. 279]. The Association and SMCC moved to dismiss the appeal.

7

In re Smoky Mountain Country Club Prop. Owners' Ass'n, Inc., 622 B.R. 653, 654 (W.D.N.C. Sept. 21, 2020).  This Court granted the Association and SMCC's Motion to Dismiss on September 21, 2020.  Id. at 659.  This Court concluded that Robert Young, Mary Young, Ronnie Hedgepeth, and Shira Hedgepeth did not have standing to appeal the Bankruptcy Court's Order confirming the Plan because the issue of whether they were liable to the Association had yet to be determined.  Id. at 657, 659.

On March 26, 2020, Appellants Ronnie and Shira Hedgepeth also filed an action (the "State Court Action") against CCLP and SMCC in the Superior Court of Swain County "requesting a declaratory judgment on the relative obligations of the Appellants regarding the clubhouse dues and any assessment arising from the clubhouse dues."  [CV 1:21-cv-00051-MR, Doc. 4 at 5].  On July 9, 2020, the Superior Court of Swain County issued a final Order dismissing the Appellants' State Court Action because it was initiated "in violation of the automatic stay in 11 U.S.C. § 362(a)(3)."  [Id. at 190].  The Appellants filed a Motion to Reconsider the Superior Court's Order on July 20, 2020 and, after that motion was denied, filed a Notice of Appeal on July 31, 2020.  [Id. at 194-205].

Following the Superior Court's July 2020 Order dismissing the State Court Action, the Appellants filed a second Motion Requesting Relief from

8

Case 1:22-cv-00041-MR   Document 10   Filed 03/30/23   Page 8 of 20

Automatic Stay on October 29, 2020. [BK 19-10286, Doc. 381]. There, the Appellants reiterated their assertion from their December 2, 2019 Motion Requesting Relief from Automatic Stay and requested relief so that they could file an action in state court to determine whether they are responsible for paying Clubhouse Dues. [Id.]. The Appellants also requested relief so that they could file an action in state court to determine whether the Association engaged in unfair debt collection practices based on a letter sent by the Association on August 28, 2020 stating that SMCC billed Property Owners directly for unpaid Clubhouse Dues for the period of October 1, 2014 through December 31, 2019, notifying Property Owners that the Association would proceed to collect unpaid Clubhouse Dues, and urging Property Owners to pay unpaid Clubhouse Dues. [BK 19-10286, Doc. 381-1]. On December 2, 2020, the Bankruptcy Court denied the Appellants' October 29, 2020 Motion for Relief from Automatic Stay. [BK 19-10286, Doc. 394]. The next day, the Appellants filed a Motion to Reconsider, [BK 19-10286, Doc. 396], which was denied on February 11, 2021, [BK 19-10286, Doc. 420].

On February 19, 2021, the Appellants filed a Notice of Appeal in the Bankruptcy Court appealing the Bankruptcy Court's denial of the October 19, 2020 Motion Requesting Relief from Automatic Stay and the December 3, 2020 Motion to Reconsider. [BK 19-10286, Doc. 422]. The Association and

9

Case 1:22-cv-00041-MR   Document 10   Filed 03/30/23   Page 9 of 20

SMCC moved to dismiss the appeal. [CV 1:21-cv-00051-MR, Doc. 7]. On November 2, 2021, this Court dismissed the Appellants' appeal. [CV 1:21-cv-00051-MR, Doc. 16].

On September 7, 2021, SMCC initiated this Adversary Proceeding in the Bankruptcy Court against Appellants Ronnie and Shira Hedgepeth for willfully violating the automatic stay in the Bankruptcy Proceeding by filing and failing to dismiss the State Court Action. [BK 21-01007, Doc. 1]. According to SMCC:

> In the State Court Action, which names SMCC, but not [the] Association, as a defendant, [Ronnie and Shira Hedgepeth] sought a declaratory judgment that they were not liable for assessments levied by [the] Association against them in the amount of $9,200.00 for payment of their pro rata share of [the] Judgment obtained by SMCC against [the] Association, even though no action had yet been filed against Defendants for the collection thereof.

[Id. at 2]. SMCC sought sanctions against the Appellants for violating the automatic stay. [Id. at 12].

On December 15, 2021, Appellants Ronnie and Shira Hedgepeth asserted a Counterclaim against SMCC in the Adversary Proceeding. [BK 21-01007, Doc. 21 at 22]. In their Counterclaim, the Appellants allege that they paid Clubhouse Dues until on or about February 2020. [Id. at 32]. The Appellants further allege that they were unable to sell their property because

10

Case 1:22-cv-00041-MR    Document 10    Filed 03/30/23    Page 10 of 20

a contract for sale "was canceled when the [Hedgepeths] were required to escrow $96,000 to pay for the [J]udgment which is currently on Appeal because of the Clubhouse Dues." [Id. at 36]. The Appellants also presented an invoice mailed to the Hedgepeths from the Association on December 1, 2019 for the Appellants' pro rata share of the $1,500,000 the Association owes SMCC under the Amended Plan. [BK 21-01007, Doc. 21-16]. The invoice stated the following:

> [The Association] has agreed to make principal payments on the Settlement Agreement Fee of $1,500,000 to [SMCC] in installments of $500,000 due January 1, 2020, $500,000 due January 1, 2021 and $500,000 due January 1, 2022. The timely payment of the installments is interest-free. Every Member's share of the $1,500,000 is $9,200 per property owned. $9,200 divided over 3 payments is $3,066.67 per payment. Enclosed is an invoice from [the Association] for $3,066.67, representing the first of three installments, due by January 1, 2020.

[Id. at 2]. A letter sent with the invoice further explained that SMCC prepared separate invoices for Property Owners who did not pay Clubhouse Dues from October 2014 to December 2019 and that the Association would begin billing for Clubhouse Dues in January 2020. [Id. at 2]. The Appellants did not allege in their Counterclaim that they were subsequently sent a bill specifically for Clubhouse Dues from either SMCC or the Association or that either SMCC or the Association threatened to take legal action against them

11

for failing to pay Clubhouse Dues or their pro rata share of the $1,500,000 amount. [21-01007, Doc. 21 at 22-38].

The Appellants' Counterclaim asserts that they are entitled to a declaratory judgment, pursuant to N.C. Gen. Stat. § 1-253 *et. seq*, stating the following:

> a. For judicial determin[ation] through Declaratory Judgment of the relative rights of the parties in regard to the Clubhouse Fee Dues and any assessment arising from the Clubhouse Dues.
>
> b. The covenants concerning the [Hedgepeths'] obligation to pay the Association for clubhouse dues for the benefit of SMCC and CCLP are unconscionable, and thus, void.
>
> c. The covenants concerning the Clubhouse dues are Personal Covenants as to [the Hedgepeths].
>
> d. The [Hedgepeths] may terminate their obligation to pay fees assessed by SMCC and CCLP through the Association when giving reasonable notice.
>
> e. The [Hedgepeths] may cancel payment of the Clubhouse dues as the Association canceled the contract pursuant to N.C. Gen. Stat. 47F-3-105 between the Association and CCLP and SMCC.
>
> f. That if Clubhouse Dues provisions are not terminable, to determine whether CCLP and SMCC has received a reasonable return on their original investment and the revenues generated by the covenant exceed the costs of operating the Clubhouse facilities and whether the court would be justified in modifying the covenant to

12

> reduce the amount of the Clubhouse dues payments to cover actual expenses of the Clubhouse.
>
> g. For the cost of this action, including a reasonable attorney fee, pursuant to N.C. Gen. Stat. Section 41-10.
>
> h. Issues to be determined at trial.

[Id. at 36-38].

On January 4, 2022, SMCC moved to dismiss the Appellants' Counterclaim pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(6). [BK 21-01007, Doc. 22]. On February 18, 2022, the Bankruptcy Court dismissed the Appellants' Counterclaim. [BK 21-01007, Docs. 30, 31]. On February 22, 2022, the Appellants filed a Notice of Appeal appealing the Bankruptcy Court's Order dismissing their Counterclaim. [CV 1:22-cv-00041-MR, Doc. 1]. SMCC now moves to dismiss this appeal. [CV 1:22-cv-00041-MR, Doc. 4].

After appealing the Bankruptcy Court's February 18, 2022 Order, the Appellants also filed a Motion for Summary Judgment in the Adversary Proceeding, arguing that they are entitled to summary judgment on SMCC's claim for sanctions against them. [BK 21-01007, Doc. 44]. On April 27, 2022, the Bankruptcy Court granted Ronnie and Shira Hedgepeth's Motion for Summary Judgment and dismissed the Adversary Proceeding with

13

prejudice. [BK 21-01007, Docs. 52, 53]. SMCC moved for reconsideration, and, on June 24, 2022, the Bankruptcy Court reaffirmed its ruling that sanctions against the Appellants are not warranted. [BK 21-01007, Doc. 61].

## II. STANDARD OF REVIEW

Section 158(a)(1) of Title 28 gives federal district courts jurisdiction to hear appeals "from final judgments, orders, and decrees" entered by bankruptcy courts. 28 U.S.C. § 158(a)(1). "The Bankruptcy Court's conclusions of law are reviewed *de novo* and its findings of fact are reviewed for clear error." Campbell v. Hanover Ins. Co., 457 B.R. 452, 456 (W.D.N.C. 2011); In re Jenkins, 784 F.3d 230, 234 (4th Cir. 2015).

## III. DISCUSSION

### A. Appellate Jurisdiction

In its Motion to Dismiss, SMCC argues only that appellate jurisdiction here is not proper because the Bankruptcy Court Order dismissing the Appellants' Counterclaim is neither a final order nor an appealable interlocutory order. [CV 1:22-cv-00041-MR, Doc. 4 at 1].

"The concept of finality in bankruptcy cases has traditionally been applied in a more pragmatic and less technical way than in other situations." In re Computer Learning Ctrs., Inc., 407 F.3d 656, 660 (4th Cir. 2005) (internal quotations and citations omitted). Despite the flexibility of this

pragmatic approach, the order appealed must necessarily dispose of a discrete dispute within the larger case. Id. The District Court, nevertheless, "has discretionary appellate jurisdiction over interlocutory orders." Robbins v. Miller Law Grp., P.C., No. 3:16-MC-00001, 2016 WL 675808, at *2 (W.D. Va. Feb. 17, 2016).

"[A] separate adversary proceeding within the framework of the overall bankruptcy case is an appropriate 'judicial unit' for determining finality" under § 158(a). Matter of Moody, 825 F.2d 81, 86 (5th Cir. 1987) (citing 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure § 3926 (1977 & Supp. 1986)). "In an adversary proceeding there is no final order and no appellate jurisdiction if the [bankruptcy] court's order fails to dispose of all issues raised therein." Michigan Milk Producers v. Hunter, 786 F.2d 1165 (Table), 1986 WL 16481, at *1 (6th Cir. 1986) (citing In the Matter of King City Transit Mix, Inc., 738 F.2d 1065, 1066-67 (9th Cir. 1984); In re Bestmann, 720 F.2d 484 (8th Cir. 1983); Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98 (3d Cir. 1981)); see also Matter of Moody, 825 F.2d at 85-86. Here, the Bankruptcy Court's February 18, 2022 Order did not dispose of all of the issues raised in the Adversary Proceeding. Instead, it only disposed of the Appellants' Counterclaim. [See BK 21-01007, Docs. 30, 31]. Therefore, the Bankruptcy Court's February 18, 2022 Order

dismissing the Appellants' Counterclaim is not a final order.

However, after dismissing the Appellants' Counterclaim, the Bankruptcy Court granted the Appellants' Motion for Summary Judgment on SMCC's claim for sanctions against them and dismissed the Adversary Proceeding with prejudice. [BK 21-01007, Docs. 52, 53]. On June 24, 2022, the Bankruptcy Court reaffirmed its Order granting summary judgment to the Appellants. [BK 21-01007, Doc. 61]. Accordingly, because the Bankruptcy Court has now disposed of all issues in the Adversary Proceeding, the Court will treat the Bankruptcy Court's February 18, 2022 Order dismissing the Appellants' Counterclaim as a final, appealable order. SMCC's Motion to Dismiss for lack of subject matter jurisdiction is, therefore, denied.

**B.   Declaratory Judgment**

The Appellants seek a declaratory judgment pursuant to the North Carolina Uniform Declaratory Judgment Act (the "Act").[5] [AP 21-01007, Doc. 21 at 36]. The Act grants courts the power to declare the "rights, status, and

---

[5] On appeal, the Appellants now attempt to rely on the Federal Declaratory Judgment Act ("FDJA") in addition to the North Carolina Uniform Declaratory Judgment Act. [See CV 1:22-cv-00041-MR, Doc. 3 at 22]. Because the Appellants did not raise the FDJA in the Adversary Proceeding before the Bankruptcy Court, the Court declines to address that argument here. See Skipper v. French, 130 F.3d 603, 610 (4th Cir. 1997) ("Ordinarily, for very good reasons, we do not decide issues on the basis of theories first raised on appeal.").

16

other legal relations" of parties arising under a contract, including questions regarding its construction or validity. N.C. Gen. Stat. §§ 1-253, 1-254. "[A] declaratory judgment should issue (1) when [it] will serve a useful purpose in clarifying and settling the legal relations at issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding." Connor v. N.C. Council of State, 365 N.C. 242, 258, 716 S.E.2d 836, 846 (2011) (citation omitted). In order for the Court to have jurisdiction over a claim for declaratory judgment, the complaint must demonstrate "the existence of an actual controversy." State ex rel. Utilities Comm'n v. Carolina Water Serv., Inc. of N.C., 149 N.C. App. 656, 658, 562 S.E.2d 60, 62 (2002) (citation omitted). An "actual controversy" is a "jurisdictional prerequisite" to proceeding under the Act. Gaston Bd. of Realtors, Inc. v. Harrison, 311 N.C. 230, 234, 316 S.E.2d 59, 61 (1984) (citation omitted). "It is not necessary for one party to have an actual right of action against another for an actual controversy to exist which would support declaratory relief." North Carolina Consumers Power, Inc. v. Duke Power Co., 285 N.C. 434, 450, 206 S.E.2d 178, 189 (1974). The Court, however, must be "convinced that the litigation appears to be unavoidable." Id. at 450, 206 S.E.2d at 189. "Mere apprehension or the mere threat of an action or a suit is not enough." Gaston Bd. of Realtors, 311 N.C. at 234, 316

S.E.2d at 62.

"It is mandatory that a complaint brought pursuant to the [Act] set forth all of the facts necessary to disclose the existence of an actual or real existing controversy between the parties to an action." State ex rel. Edmisten v. Tucker, 312 N.C. 326, 339, 323 S.E.2d 294, 303 (1984). If "the complaint does not allege an actual, genuine existing controversy, a motion for dismissal under . . . Rule 12(b)(6) will be granted." Gaston Bd. of Realtors, 311 N.C. at 234-35, 316 S.E.2d at 62.

In their Counterclaim, the Appellants do not allege that SMCC billed them for unpaid Clubhouse Dues. [See BK 21-01007, Doc. 21 at 22-38]. Notably, under the Amended Plan, SMCC was to directly bill Property Owners for unpaid Clubhouse Dues only for the period of October 1, 2014 to December 31, 2019, [BK 19-10286, Doc. 253 at 18-19], and the Appellants paid Clubhouse Dues until February 2020, [BK 21-01007, Doc. 21 at 32]. Starting in January 2020, *the Association*, as the Debtor in this action, began billing for Clubhouse Dues from January 2020 onward, [BK 19-10286, Doc. 253 at 18-20; BK 21-01007, Doc. 21-16 at 2], and, in August 2020, *the Association* began collecting Clubhouse Dues that were not paid to SMCC for the period of October 1, 2014 to December 31, 2019, [see BK 19-10286, Doc. 381-1]. Similarly, the Appellants do not allege that SMCC billed them

18

for their pro rata share of the $1,500,000 to be credited against the principal amount of the Judgment. [See BK 21-01007, Doc. 21 at 22-38]. Rather, the Appellants instead allege that *the Association* mailed them an invoice on December 1, 2019 seeking to collect the Appellants' pro rata share of the $1,500,000 amount, [BK 21-01007, Doc. 21-16], and the Amended Plan provides that *the Association* is required to collect that amount from the Property Owners for payment to SMCC. [BK 19-10286, Doc. 253 at 19-20]. The Appellants also do not allege that SMCC has threatened legal action for the Appellants' failure to pay either Clubhouse Dues or their pro rata share of the $1,500,000 amount.[6] [See BK 21-01007, Doc. 21 at 22-38]. Accordingly, there is no "actual controversy" between the Appellants and SMCC.[7] To the extent that the Appellants have any claim regarding the

---

[6] Notably, SMCC presumably has no right of action against the Property Owners, as the Declaration (1) grants the Association the power to collect assessments or foreclose on the lien of any assessment and (2) grants the Association and CCLP the right to enforce covenants under the Declaration. [See BK 19-10286, Doc. 304-1 at 23-24, 51].

[7] The Court further notes that this decision, as well as the pleadings and briefing of the parties, appears to neglect the threshold question of whether the Bankruptcy Court and this Court have Article III subject matter jurisdiction in *this declaratory action*. If there is no constitutional case or controversy in this declaratory action, the Appellants are left to move for relief from the automatic stay and then file this declaratory action against the Association in state court. However, proceeding in that manner would presumably lead all parties right where this decision leaves them, with a holding that the Appellants' claim is beyond the scope of N.C. Gen. Stat. § 1-253. Therefore, rather than requiring the parties to expend additional time and effort litigating the Appellants' claim, the Court herein circumvents this process and leaves the parties to address the Appellants' claim if or when the Association brings action against the Appellants.

assessment of either the Clubhouse Dues or the $1,500,000 amount, that claim exists against *the Association*, as the Debtor in this matter and the party responsible for assessing those fees under the Amended Plan. Therefore, the Bankruptcy Court properly dismissed the Appellants' Counterclaim.

## ORDER

**IT IS, THEREFORE, ORDERED** that SMCC Clubhouse LLC's Motion to Dismiss Appeal [CV 1:22-cv-00041-MR, Doc. 4] is **DENIED.**

**IT IS FURTHER ORDERED** that the Bankruptcy Court's February 18, 2022 Order [BK 21-01007, Doc. 31] granting SMCC Clubhouse, LLC's Motion to Dismiss Ronnie and Shira Hedgepeth's Counterclaim is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

Signed: March 30, 2023

Martin Reidinger
Chief United States District Judge